UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| D.B., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:09-CV-1869 (CEJ) |
| ) | |
| JASON KING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed anonymously or, in the alternative, for leave to file a first amended complaint. Defendant has not yet been served.

Plaintiff, an individual, brings this action against defendant, a deputy for the St. Charles County Sheriff's Department. In her complaint, plaintiff alleges that defendant detained her in his patrol car and made sexual advances toward her. Plaintiff claims that defendant violated her constitutional rights, falsely imprisoned her, and sexually assaulted her.

Plaintiff asks that the Court allow her to proceed anonymously in this action. Plaintiff states that anonymity is necessary because this action will "require[ her] to divulge extremely personal facts about her body and sexuality." (Doc. #3, at 2). Because "the details of [p]laintiff's involuntary sexual encounter with [d]efendant will be a significant part of this case," plaintiff would suffer "from the social stigma . . . attach[ed] to being publicly identified as a victim of sexual assault[.]" Id. at 1-2.

Pleadings are generally required to "include the names of all the parties." Fed.R.Civ.P. 10(a). However, courts have recognized an exception to this rule where the "need for anonymity is sufficiently compelling." Heather K. v. City of Mallard, 887 F.Supp. 1249, 1256 (N.D. Iowa 1995). Although the Eighth Circuit has not articulated

any specific standard for making this determination, other courts have identified several circumstances in which the exception may apply: (1) where the plaintiff is challenging government activity; (2) where the plaintiff is required to disclose information of the utmost intimacy; and (3) where the plaintiff risks criminal prosecution through the information contained in the pleading. Doe v. Frank, 951 F.2d 320, 323 (11th Cir. 1992). The Court must also consider the public's interest in the openness of judicial proceedings. Id.

Plaintiff has shown that use of her real name would reveal "information of the utmost intimacy." Such disclosure could prove embarrassing to plaintiff and could subject her to unnecessary public scrutiny. As such, the Court believes that the interest of preserving plaintiff's privacy through the use of anonymity outweighs the interest of the public in ascertaining her true identity.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed anonymously, or, in the alternative, for leave to file her first amended complaint [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff shall be referred to as "D.B." in all pleadings and documents filed in the Court's public record.

**Violation of this order, whether deliberately or inadvertently, will result in the imposition of monetary penalties or other sanctions. A deliberate or willful violation may be deemed a contempt of court.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of November, 2009.